IN THE UNITED STATES DISTRICT COURT
for the District of Columbia

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY,<br>700 Broadway, New York, NY 10003,<br><br>DEFENDERS OF WILDLIFE,<br>1130 17th Street NW, Washington, DC 20036,<br><br>SOUTHERN APPALACHIAN<br>BIODIVERSITY PROJECT,<br>191 Merriman Ave., Asheville, NC 28801,<br><br>WESTERN NORTH CAROLINA<br>ALLIANCE,<br>29 N. Market Street, Suite 610<br>Asheville, NC  28801,<br><br>HEARTWOOD<br>P.O. Box 1011<br>Alton, IL  62002.<br><br>                       Plaintiffs,<br>   v.<br><br>GALE NORTON, in her official capacity as<br>Secretary of the U.S. Department of Interior,<br>C St. NW, Washington, DC 20240-0001,<br><br>   and<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C St. NW, Room 3238, Washington, DC<br>20240-0001,<br><br>                       Defendants. | No.<br><br><br><br><br><br><br><br><br><br><br>COMPLAINT<br>FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

INTRODUCTION

1. This is an action for declaratory and injunctive relief in which the Plaintiffs challenge the failure of Defendants to comply with the non-discretionary listing provisions of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544.  Specifically, pursuant to the citizen suit provision of the ESA, 16 U.S.C. § 1540 (c) and (g ), Plaintiffs challenge Defendants' failure to issue a finding on Plaintiffs' petition to list the Cerulean Warbler as a threatened species.  The ESA requires Defendants to issue such a finding within 12 months after receiving the petition, which was submitted to Defendants on October 31, 2000.  16 U.S.C. § 1533(b)(3)(B).

JURISDICTION

2. This case arises under the Endangered Species Act (ESA), 16 U.S.C. § 1531 et seq.  This Court has jurisdiction over the subject matter of this action pursuant to 16 U.S.C. § 1540 (c) and (g) (the ESA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

3. Plaintiffs complied with the notice requirement of 16 U.S.C. § 1540(g)(2)(C) by providing Defendants with written notice of their intent to sue more than 60 days ago.

PARTIES

4. Plaintiffs are membership organizations committed to the conservation of wildlife and wildlife habitat.  Each Plaintiff actively advocates for conservation of wildlife, including the Cerulean Warbler, and wildlife habitat throughout the habitat range of the Cerulean Warbler and throughout the United States.

    a.    Plaintiff National Audubon Society is a not-for profit corporation founded in 1905 and organized under the laws of the State of New York, with its headquarters office in New York, New York. Audubon has offices in 25 states and over 500 chapters. Audubon has approximately 400,000 members nationwide. The mission of National Audubon is protect birds and other wildlife and their habitats for the benefit of humanity and the earth's biological diversity.

    b.    Plaintiff Defenders of Wildlife is a national nonprofit conservation organization with more than 400,000 members and supporters dedicated to the protection of all native species and their ecosystems.

    c.    Plaintiff Southern Appalachian Biodiversity Project is a citizens' organization dedicated to the defense and restoration of native biodiversity of southern Appalachia.

    d.    Plaintiff Western North Carolina Alliance is membership organization dedicated to protecting and preserving our natural land, wildlife, water, and air resources through education and public participation in policy decisions at all levels of government.

    e.    Plaintiff Heartwood is a non-profit organization that is interested in protecting the hardwood forests of their region and the species that occur on those forests, including the Cerulean Warbler.

5.    Plaintiffs each joined in a petition, submitted on October 31, 2000, that requested the Secretary of the Department of Interior to list the Cerulean Warbler as a threatened species under the ESA.

6. Plaintiffs have members who reside in regions of the United States where Cerulean Warbler habitat is found and who visit and enjoy Cerulean Warbler habitat regularly. Plaintiffs' have members who have observed and will continue to observe the Cerulean Warbler in its native habitat. These members have derived and will continue to derive aesthetic, recreational, scientific, educational, and other benefits from the Cerulean Warbler's existence in these areas.

7. Defendants' failure to process Plaintiffs' petition to list the Cerulean Warbler as a threatened species and to designate critical habitat for the Cerulean Warbler as required by law is frustrating efforts to protect the Cerulean Warbler and its habitat, harming Plaintiffs' and their members' aesthetic, recreational, scientific, and educational interest in the Cerulean Warbler and its habitat. The interests of Plaintiffs and their members in the continued enjoyment of these benefits have been and will continue to be irreparably injured by Defendants' continuing failure to process Plaintiffs' petition as required by law.

8. Plaintiffs' injury in fact is fairly traceable to Defendants' conduct and would be redressed by the relief that Plaintiffs seek in this case.

9. Defendant Gale Norton is sued in her official capacity as the Secretary of Interior (the "Secretary"). Secretary Norton is the federal official charged with processing petitions to list species as endangered or threatened under the ESA. 16 U.S.C. § 1532(15).

10. Defendant United States Fish and Wildlife Service ("FWS") is a federal agency within the Department of Interior to which the Secretary of Interior has delegated her responsibilities under the ESA. 50 C.F.R. § 402.01(b).

## STATUTORY FRAMEWORK

11. Pursuant to the ESA, a species is endangered when it is in "danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is defined as threatened when it is "likely to become an endangered species within the foreseeable future." 16 U.S.C. § 1532(20).

12. The Secretary may, on her own accord, consider whether, in light of the best available data, a species is eligible for protection as endangered or threatened based on five statutory factors. 16 U.S.C. § 1533(a), (b).

13. In addition, interested parties may petition the Secretary to list a species as threatened or endangered.

14. The ESA requires that "to the maximum extent practicable, within 90 days after receiving the petition . . . the Secretary shall make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A).

15. The ESA further provides that within 12 months after receipt of a petition, "the Secretary shall make one of the following findings": (1) the petitioned action is warranted; (2) the petitioned action is not warranted; or (3) the petitioned action is "warranted but precluded." 16 U.S.C. § 1533(b)(3)(B).

## FACTUAL BACKGROUND

### The Cerulean Warbler

16. The Cerulean Warbler is a neotropical migratory songbird that nests throughout much of the eastern United States from the Mississippi River to the eastern coastal states and from the Gulf Coast states northward to southern Ontario. The Cerulean Warbler's

5

    core breeding habitat is found in sections of the Cumberland Plateau and Ohio Hills including parts of Tennessee, Kentucky, Ohio and West Virginia.

17.     Cerulean Warblers, like other songbirds, play an important ecological role, including their consumption of insects, dispersion of seeds, and pollination of flowers.

18.     The Cerulean Warbler population has declined at least 80% in the last four decades, decreasing at an average rate of about 4% per year since 1966. This population decline represents the largest decline among any warbler species and is one of the most significant declines among neotropical migratory songbirds. These declines in Cerulean Warblers have been most pronounced in the species' core breeding range in the Cumberland Plateau and Ohio Hills, which together contain an estimated 70% of Cerulean Warbler breeding pairs. In the past thirty years, the Cerulean Warbler population has declined by 80% in the Cumberland Plateau and by 65% in the Ohio Hills.

19.     In addition, available data indicate that there has been a contraction of the Cerulean Warbler's range. Areas in which the Cerulean Warbler could not be found increased from the 1970-1980 period to the 1975-85 period.

20.     Cerulean Warblers nest in the interior of contiguous forest tracts and need large areas of mature, undisturbed forest to reproduce successfully. The loss and fragmentation of these forests to mining, logging, dams and stream channelization, agricultural clearing, sprawl, and other human development likely is a principle cause of the species' decline.

21.     Since many remaining Cerulean Warbler populations are small and fragmented, they are more prone to extinction from genetic loss and catastrophic events. If these downward trends continue, the Cerulean Warbler likely faces extinction throughout all or significant parts of its range.

22. Absent designation as a threatened or endangered species under the ESA, no firm protection and no formal mechanism exists for protecting these songbirds or their breeding habitat so as to allow the species to maintain its long-term viability. Listing this species under the ESA will lead to greater conservation of this species through protection of the forests it needs to survive.

<u>Plaintiffs' Petition to List the Cerulean Warbler as a Threatened Species</u>

23. On October 31, 2000, the Plaintiffs and other organizations petitioned the Secretary and FWS to list the Cerulean Warbler as a threatened species and to designate critical habitat for the species.

24. The Fish and Wildlife Service acknowledged receipt of the petition by letter dated November 17, 2000. That letter stated the agency's intention to continue an ongoing, internal review of the Cerulean Warbler's status and to make a recommendation whether the Cerulean Warbler should be designated as a "candidate" species.

25. On March 9, 2001, and on January 31, 2002, Plaintiffs sent Defendants 60-day notice letters indicating their intent to sue Defendants for their failure to issue a 90-day finding on Plaintiffs' petition and, in the second notice letter, for their failure to issue a finding, within 12 months after receiving the petition ("12-month finding"), either that the petitioned action is warranted, that the petitioned action is warranted but precluded by other pending proposals, or that the petitioned action is not warranted, as required by 16 U.S.C. § 1533(b)(3)(B).

26. On October 23, 2002, nearly two years after Plaintiffs submitted their petition to Defendants, the FWS published a 90-day finding and concluded that Plaintiffs' petition presented substantial information that the requested action may be warranted. 67 Fed.

Reg. 65083 (October, 23 2002). The FWS stated that after reviewing public comments on the 90-day finding, FWS would issue a 12-month finding determining whether listing of the Cerulean Warbler as a threatened species is in fact warranted.

27. From October 2002 through January 2003, the FWS sought and received public comments concerning the proposed listing of the Cerulean Warbler pursuant to the ESA. The Audubon Society submitted comments supporting the proposed listing.

28. On September 9, 2004, the Plaintiffs sent the Defendants a third 60-day notice letter indicating their intent to sue over the Defendants' failure to issue a 12-month finding.

29. The Defendants have not proceeded to a final decision concerning the proposed listing of the Cerulean Warbler. As of the filing date of this complaint, approximately 5 years after the Plaintiffs submitted their petition to list the Cerulean Warbler as a threatened species, the Defendants have not issued a 12-month finding on the petition as required by the ESA, 16 U.S.C. § 1533(b)(3)(B).

The Continuing Decline of the Cerulean Warbler

30. In the five years after Plaintiffs' filed their petition with the Secretary to list the Cerulean Warbler as a threatened species and to designate critical habitat, the Cerulean Warbler has continued to decline throughout its range. The threats to mature and deciduous forest which were documented in Plaintiffs' petition, including mining, logging, dams and stream channelization, agricultural clearing, sprawl, and other development, remain and continue to destroy or modify the mature forests that the Cerulean Warbler needs to survive.

31. Data indicate that the Cerulean Warbler's decline continues to be concentrated in the core of its breeding range, the Cumberland Plateau and the Ohio Hills, where population loss has accelerated in the past four years to an annual decline of 3.5% as compared to the 2.4% trend in evidence when Plaintiffs' petition was filed.

32. According to a recent study by the FWS and other federal agencies, during the 20-year period ending in 2012, over 1.4 million acres of forest habitat, or 2,200 square miles, will be lost in the heart of the Cerulean Warbler's breeding range due to mining, logging, development, and other activities.

33. A recent cumulative impacts study completed by the U.S. Environmental Protection Agency recognized that the potential adverse impact of this loss of Cerulean Warbler habitat loss has extreme ecological significance in that Cerulean Warbler breeding habitats are limited in the eastern United States.

CLAIM FOR RELIEF
(Violation of the Endangered Species Act)

34. Plaintiffs herein incorporate by reference paragraphs 1 through 35 of this Complaint.

35. The ESA, 16 U.S.C. § 1533(b)(3)(B), requires Defendants to make a final determination on a petition to list a species within twelve months of receipt of the petition.

36. On October 31, 2000, Plaintiffs filed with the Defendants a petition to list the Cerulean Warbler as a threatened species.

37. In the five years since the Plaintiffs filed their petition, the Defendants have not issued a 12-month finding on Plaintiffs' petition to list the Cerulean Warbler as a threatened species.

38. Defendants' failure to issue and publish a 12-month finding is a violation of the ESA, 16 U.S.C § 1533(b)(3)(B), actionable under the ESA citizen suit provision, 16 U.S.C. § 1540 (c) and (g).

39. Defendants' failure to issue and publish a 12-month finding has harmed and will continue to harm Plaintiffs' and their members' aesthetic, recreational, scientific, commercial, moral, educational, and other interests in the Cerulean Warbler and its habitat, causing irreparable injury.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs respectfully request this Court to grant the following relief:

a. Declaratory Judgment that the Secretary has violated Section 4(b)(3)(B) of the ESA, 16 U.S.C. § 1533(b)(3)(B), by failing to make and publish in the Federal Register a 12-month finding regarding Plaintiffs' petition to list the Cerulean Warbler as a threatened species;

b. Injunctive relief compelling the Secretary or her designee to make and publish in the Federal Register a 12-month finding regarding Plaintiffs' petition to list the Cerulean Warbler as a threatened species;

c. An order awarding Plaintiffs their costs of litigation, including reasonable attorney's fees pursuant to 16 U.S.C. § 1540(g)(4); and

d. Any other relief as the Court deems just and proper.

                Respectfully Submitted,

February 28, 2006       ___/s/ *Austin D. Gerken Jr.*_____
                Austin D. Gerken Jr. (D.C. Bar No. 474947)
                Douglas A. Ruley
                Southern Environmental Law Center
                29 N. Market St., Suite 700
                Asheville, NC  28801-2934
                Tel: (828) 258-2023
                Fax: (828) 258-2024


                ___/s/ *Michael P. Senatore*_____
                Michael P. Senatore (D.C. Dar No. 453116)
                Defenders of Wildlife
                1130 Seventeenth Street, NW
                Washington, DC 20036
                Tel: (202) 682-9400
                Fax: (202) 682-1331

                *Counsel for Plaintiffs*