UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior, et al.,<br><br>Defendants. | Civil Action No. 06-349-RCL |

**STIPULATED SETTLEMENT AGREEMENT**

The parties to the captioned action, by and through their undersigned counsel, hereby state as follows:

WHEREAS on October 31, 2000, the captioned Plaintiffs submitted a petition to the Secretary of the Interior[1] ("Secretary") to protect the Cerulean Warbler as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*; and

WHEREAS on February 28, 2006, Plaintiffs filed a complaint for declaratory and injunctive relief pursuant to the citizen suit provision of the ESA, 16 U.S.C. § 1540(c) & (g), challenging the Secretary's failure to issue a 12-month finding on Plaintiffs' petition pursuant to 16 U.S.C. § 1533 (b)(3)(B); and

---

[1] Plaintiffs named Gale Norton in her capacity as United States Secretary of the Interior as the Defendant in this case. Secretary Norton resigned her position effective March 31, 2006. Secretary of the Interior Dirk Kempthorne is substituted for Gale Norton pursuant to Federal Rule 25(d)(1).

WHEREAS the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint; and

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.  The U.S. Fish and Wildlife Service ("Service") shall submit for publication in the *Federal Register* a 12-month finding on Plaintiffs' petition pursuant to 16 U.S.C. § 1533 (b)(3)(B) on or before November 30, 2006. On or before September 15, 2006, the Service shall produce to Plaintiffs a status report regarding the progress made to that date regarding the 12-month finding.

2.  Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1).

3.  Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

4.  Plaintiffs and Defendants, by and through their undersigned counsel, hereby agree and stipulate that Defendants shall pay the total sum of $12,750.00 to settle and resolve Plaintiffs' claims for attorney fees and litigation costs, pursuant to the ESA, 16 U.S.C. §1540(g)(4). Such payment shall fully and finally resolve any and all claims that Plaintiffs might have for recovery of attorney fees or litigation expenses in this matter as of the date of this Stipulated Settlement Agreement. By this Agreement, Plaintiffs do not waive any right to seek compensation for attorneys' fees and costs, and Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs'

counsel, including the hourly rate, in any future litigation, or continuation of the present action. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the schedule outlined herein, or for any other unforseen continuation of this action.

     5.     The parties agree and acknowledge that this settlement is a compromise to avoid further litigation only and has no precedential value as to the merits of any claims or as to attorneys' fees and costs.

     6.     Defendants agree to submit all appropriate paperwork to process Plaintiffs' fee award to the U.S. Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. §1540(g)(4), within ten (10) days of receiving the signed Order approving this agreement; and to electronically deposit said award into the Southern Environmental Law Center. Plaintiffs agree to furnish the United States Fish and Wildlife Service with the information necessary to effectuate this fund transfer. Plaintiffs have authorized and directed that this sum be paid into the Southern Environmental Law Center. By this authorization, Plaintiffs hold the United States harmless for any loss caused by following this authorization and direction, if any loss should occur.

     7.     Nothing in this Settlement Agreement shall be interpreted as or constitute a commitment or requirement that the Defendants take actions in contravention of the ESA or any other law or regulation, either substantive or procedural.

     8.     Nothing in this agreement relieves Defendants of the obligation to act in a manner consistent with applicable federal, state, or local law, and applicable appropriations law. Defendants assert that no provision of this Agreement shall be interpreted as a commitment or requirement that the Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. In response, Plaintiffs assert that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(B), and (b) the Anti-Deficiency

Act would not excuse compliance with this pre-existing, court-approved Agreement. Defendants reserve all legal and equitable defenses to such a claim.

9. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

10. The undersigned representatives certify that they are fully authorized by the parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

11. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

DATED this 7th day of August, 2006.

        _____/s/_____
AUSTIN D. GERKEN JR.
Southern Environmental Law Center
29 N. Market St., Suite 604
Asheville, NC 28801-2934
Tel: (828) 258-2023
Fax: (828) 258-2024
djgerken@selcnc.org

*Attorney for Plaintiffs*

DATED this 7th day of August, 2006.

      _____/s/_____
ROBERT P. WILLIAMS, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0210 (ph)
(202) 305-0275 (fx)
robert.p.williams@usdoj.gov

*Attorney for Defendants*